IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NEW VIEW INC.,

    Plaintiff,

vs.                                                  CASE NO. 5:11-cv-174/RS-CJK

MCCRORY BUILDING CO. INC.
and TRAVELERS CASUALTY &
SURETY COMPANY OF AMERICA,

    Defendants.
_____/

## ORDER

Before me are Defendant Travelers' Motion to Dismiss (Doc. 18), and Plaintiff's Response in Opposition (Doc. 23).

Plaintiff is a subcontractor that preformed services for Defendant McCrory Building on a construction project in Panama City Beach. Defendant Travelers provided a payment bond on behalf of Defendant McCrory Building for this project (Doc. 10, p. 2). Plaintiff alleges that it is owed $236,405 by Defendant McCrory Building as a result of this project and seeks to recover from both defendants.

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the

allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

Plaintiff's Amended Complaint (Doc. 10) seeks recovery from Defendant Travelers under five theories: conversion (counts IV & VIII), unjust enrichment (Count XI), breach of bond (count XII), and money had and received (Count IX).

Defendant Travelers argues that Counts IV, VIII, XI, and IX ("non-breach claims") are barred because they sound in tort and Plaintiffs have not alleged sufficient facts to support those claims.[1] The essence of the allegations contained in the Amended Complaint is that Defendant Travelers has not paid Plaintiff what it believes it is owed under the payment bond. Plaintiff does not allege any other set of facts which establishes a relationship other than that between a surety and an unpaid subcontractor. Plaintiff's assertions for the tort claims are merely a recitation of elements, not facts. Even in the light most favorable to Plaintiff, it is implausible that Defendant Travelers committed separate acts outside of issuing a payment bond which would expose it to tort liability to the subcontractor.

The Motion to Dismiss (Doc. 18) is **GRANTED**. Counts IV, IV, VIII, and IX are dismissed as to Defendant Travelers Casualty & Surety Company of America.

---

[1] Defendant also asserts that as a matter of Alabama law, the tort causes of actions fail because a Plaintiff with a suit under a payment bond is foreclosed from other causes of action. I do not reach this contention because Plaintiff has not brought forth sufficient facts to support the tort causes of action. I also note that the payment bond incorporates provisions of Florida law and is security for a Florida real estate project. It is likely governed by Florida and not Alabama law.

**ORDERED** on June 9, 2011.

                                                  /S/ Richard Smoak  
                                                  **RICHARD SMOAK**  
                                                  **UNITED STATES DISTRICT JUDGE**